UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
PALLORIUM, INC. *et al.*,

                Plaintiffs,

    -against-

JOHN DOES I-IX,

                Defendants.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17 CV 6651 (NGG) (CLP)

**POLLAK**, United States Magistrate Judge:

Plaintiffs Pallorium, Inc. and Steven Rambam filed this action against nine John Doe defendants, who are presently known only with reference to their username on Twitter, "Olga Green" (collectively, "defendants"), asserting violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, intentional interference with contract or business relations, and defamation. (See Compl.[1]).

On November 15, 2017, plaintiffs filed a letter motion seeking leave to take discovery prior to a Rule 26(f) conference. (See Mot.[2] at 1). Specifically, plaintiffs seek permission to serve a Rule 45 subpoena on non-party Twitter, Inc. ("Twitter"), which is alleged to have issued the username used by defendants, so that plaintiffs may determine the defendants' true identities. (See id.) Plaintiffs allege that it is Twitter's policy to delete data pertaining to deactivated accounts. Here, the defendants are alleged to have deactivated their accounts on November 2, 2017. (Id.)

---

[1] Citations to "Compl." refer to the Complaint filed on November 14, 2017, ECF No. 1.

[2] Citations to "Mot." refer to plaintiffs' Letter Motion for Leave to Take Discovery Prior to a Rule 26(f) conference, dated November 15, 2017, ECF No. 5.

For the reasons set forth below, the motion to take discovery prior to the Rule 26(f) conference is granted.

## DISCUSSION

### A. Pre-Conference Discovery Standard

Under Federal Rule of Civil Procedure 26(d)(1), a party is precluded from seeking discovery from any source prior to a Rule 26(f) conference. However, the Federal Rules provide that a party may engage in discovery before the Rule 26(f) conference if authorized by a court order. Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts generally apply a "flexible standard of reasonableness and good cause." Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting Ayyash v. Bank AL-Madina, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)).

The Second Circuit has identified the "principal factors" for district courts to consider when determining whether to allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 prior to holding a Rule 26(f) conference, including: (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the defendant's expectation of privacy. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (quoting Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) (denying defendant's request to quash a Rule 45 subpoena because the district court found that plaintiff had satisfied the principal factors for obtaining expedited discovery)).

## B. Analysis

### 1. Request to Serve Subpoena Directed to Twitter, Inc.

The Court has reviewed the allegations in plaintiffs' Complaint, and has determined that plaintiffs have made a showing sufficient, at this point, to enable them to seek the identity of the defendants. To be clear, the Court makes no determination of whether plaintiffs have actually stated valid, plausible causes of action. Instead, the Court places great weight on the fact that, "without granting [p]laintiff[s]' request, the defendants cannot be identified or served and the litigation cannot proceed. Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions[.]" Digital Sin, Inc. v. Does 1-176, 279 F.R.D. at 242. To rule otherwise would be to allow procedure to trump substance, which the Court determines would be improper in light of the "oft-stated preference for resolving disputes on their merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

The Court also clarifies that Twitter and the alleged defendants remain free to move to quash the subpoena. In fact, it is precisely such an adversarial setting that is best suited to resolving issues regarding the sufficiency of the allegations in the Complaint, the breadth of the subpoena, and burdens on Twitter and the defendants, including burdens on the defendants' privacy interests. See Fed. R. Civ. P. 45(d)(3).

## CONCLUSION

After reviewing the plaintiff's submissions, the Court concludes that there exists good cause to permit discovery prior to the Rule 26(f) conference, and therefore grants plaintiffs'

3

motion. The plaintiff may issue a Rule 45 subpoena directed to: Twitter, Inc., 249 West 17th Street, New York, NY 10011.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 4, 2017

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

4