**BLACKSTONE LAW GROUP**

ALEXANDER J. URBELIS
PARTNER
P: (212) 779 3070 x 101
F: (212) 779 3070
alex@blackstone-law.com

9 January 2018

*Via ECF*

Hon. Nicholas G. Garaufis
United States District Court
Room 1416 S
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Pallorium Inc. et ano v. John Does I-IX*, 17 Civ. 6651 (NGG) (CLP)

Dear Judge Garaufis:

This law firm represents Plaintiffs Pallorium Inc. and Steven Rambam in the above-referenced matter. We write pursuant to Rule 26(d)(1) and your Individual Rule II.A to request an Order to serve third-party Rule 45 subpoenas on Verizon Fios and Verizon Wireless to obtain information sufficient to identify the John Doe Defendants, and to effect service in order to have a meaningful Rule 26(f) conference. Attached are copies of the proposed subpoenas.

On 6 January 2018, Twitter responded to Plaintiffs' subpoena dated 4 December 2017 by providing records that indicated the John Doe Defendant Twitter user @olgazgreen utilized Verizon Fios and Verizon Wireless IP addresses to access and create the Twitter account at issue. Our proposed subpoenas to Verizon Fios and Verizon Wireless are designed to identify the customer to which those IP addresses were assigned on the dates and times specified by Twitter.

This would in all likelihood be the final step required to serve the Complaint on the proper party.

With this end in mind, we respectfully submit that service of the attached subpoenas is consistent with the Memorandum and Order of Judge Pollak dated 4 December 2017 (Dkt. #6) in that: (i) Plaintiffs have made a prima facie showing of defamation as set forth in the Complaint; (ii) the requests are narrowly tailored for this purpose alone; (iii) the requested responses are the only means by which Plaintiffs can identify Defendant(s); (iv) the information sought is necessary for this litigation to proceed; and (v) the requests seek information that are records in the possession of third parties (*i.e.*, Verizon) for which there is no reasonable expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (setting forth the general standard for expedited discovery to identify certain customers of an Internet service provider); *see also Malibu Media, LLC v. John Doe, IP Address 74.108.18.183*, 2016 WL 4564677, at *5 (E.D.N.Y. 2016) (J. Locke) (analyzing the *Arista* factors in favor of issuance of a subpoena to identify Verizon customers and noting the limited privacy interest at play when users infringe the rights of others).

I thank you for your consideration and remain available at the Court's convenience.

Respectfully submitted,

Alexander J. Urbelis

Blackstone Law Group LLP
1201 Broadway   New York, NY   10001
1875 Connecticut Avenue, NW   Washington, DC   20009